## AMERICAN CABLECOM LIMITED PARTNERSHIP

v.

## OXFORD ASSOCIATES

v.

## VIDEO CONSULTANTS, INC.

### Civ. A. No. 91–0633.

United States District Court, E.D. Pennsylvania.

Jan. 30, 1991.

Steven T. Stern, Philadelphia, Pa., for plaintiff American Cablecom Ltd. Partnership.

Richard Watt, Lansdale, Pa., for defendant Oxford Associates.

Samuel DiLullo, Broomall, Pa., for defendant Video Consultants, Inc.

### MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the Court is Plaintiff American Cablecom Limited Partnership ("American")'s Motion for a Temporary Restraining Order and Preliminary Injunction. Our jurisdiction is pursuant to 28 U.S.C. § 1332, as the parties are in complete diversity and the amount in controversy is in excess of $50,000.

The present dispute is over whether termination and replacement of a cable television provider was appropriate. Oxford Associates ("Oxford") purchased the apartment complex from the party who originally contracted with the predecessor to American to provide cable television service to the complex for ten years. Approximately three years remain to the contract. The parties dispute whether the contract was actually assigned to Oxford Associates. After several months, Oxford alleges that it had received many complaints regarding the service provided by American. Oxford circulated a cable questionnaire to its tenants, the results of which allegedly prompted Oxford to enter into a new contract with Video Consultants, Inc. ("Video").[1] At the present time, the only equip-

---

1. The parties also dispute what occurred at a meeting between American and Oxford in December, 1990. Oxford claims that it presented its tenant dissatisfaction to American and American's response was that it was behaving according to its legal rights. American claims that the

ment in controversy that Oxford will not return to American is the cable wiring into each tenant's apartment.[2]

In order for a court to issue a temporary restraining order, the moving party must show immediate, irreparable injury if the requested relief is not granted. For a preliminary injunction, the facts must demonstrate immediate, irreparable injury to the moving party if the injunction is not granted, that the moving party has a reasonable probability of success on the merits, that granting the relief will not cause more harm to the opposing party and that the relief will be in the public interest. *See ECRI v. McGraw–Hill Inc.*, 809 F.2d 223, 226 (3d Cir.1987). As the court stressed in *ECRI*, establishing irreparable harm is not sufficient; the moving party must make a "clear showing of immediate irreparable injury." *Id.*

In this situation, American says that it will be harmed because it is presently carrying an $18 million loan to provide service to forty systems, including the system in place at Oxford's complex. American stated that the portion of the loan relevant to the Oxford property is approximately $150,000 to $200,000. Furthermore, American claims irreparable damage to its reputation because 1) Oxford circulated a letter to its tenants about their cable television service, the contents of which are unknown to American; and 2) the Oxford complex is located in close proximity to five other complexes to which American provides service, and termination of American's service at Oxford's complex could lead tenants in other property serviced by American to ask for new cable service.

However, American has not been able to show that *without the injunction or TRO,* irreparable injury will occur. It is axiomatic that monetarily compensable damages are not those which call for injunctive relief. *See, e.g.,* ECRI, 809 F.2d at 227. As a result, the loss of revenue from the contract is not sufficient to warrant an injunction. Furthermore, if the wiring is determined to be American's property, the damage due to its loss is monetarily compensable as well.

Injunctive relief will not remedy American's warnings about loss of good will and damage to reputation. This alleged damage would have already occurred because Oxford has already recontracted and instituted service with Video. The tenants, then, would already have had the opportunity to have told neighbors about the change in service. Finally, the letter circulated to the tenants has already had an opportunity to do whatever damage American alleges it could do. Oxford stated that it would not circulate any further memoranda to the tenants regarding service provided by American.[3]

Although it is difficult to determine at this juncture which party will ultimately prevail on the merits, American has not sustained its burden of showing immediate irreparable harm if I do not issue this restraining order or injunction. Further-

parties decided upon a new, upgraded service contract, and two weeks later, American received a letter from Oxford asking American to remove its cable equipment from Oxford's premises.

2. Some American equipment is being kept in a locked shed for American to retrieve. Oxford maintains that under the terms of the contract, the wiring ownership would have reverted to them. American maintains that they must receive notice of breach and a 120 day opportunity to remedy the problems discussed in the notice, which they have not received.

3. American cites to the case of *Philip Morris Inc. v. Pittsburgh Penguins, Inc.,* 589 F.Supp. 912 (W.D.Pa.1983) to support its contention that even if a subsequent purchaser of property had no notice of a contract to provide services, that

purchaser may be enjoined from not honoring the original contract. In that case, Philip Morris had a contract with the Pittsburgh Penguins hockey team to have an advertising billboard in the stadium where the Penguins play. The public auditorium authority which owned the arena sought to avoid the contract. The court held that a preliminary injunction was appropriate because irreparable damage would occur without the injunction due to the specific finding that "there is no way that monetary damages could be calculated for the loss of prospective customers due to the absence of the plaintiff's signs on the top panels of the scoreboard." That situation is certainly not the case here. As stated *supra*, the damages here are compensable monetarily.

more, given the installation of cable service by another company at the Oxford complex, the damage to Oxford and to the tenants in Oxford's complex, could be greater than the relief afforded American. Therefore, I will deny American's motions for a temporary restraining order and preliminary injunction.